IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TIMOTHY HAROLD MOORHEAD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-130-CDL-MSH |
| | : | Social Security Appeal |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Plaintiff alleges that he is disabled to work and has been since June 30, 2006. On May 16, 2008 he filed an application seeking disability insurance benefits (DIB) and Supplemental Security Income (SSI). (Tr. 13, 30, 115-126, ECF No. 10.) His case was heard before an administrative law judge (ALJ) on September 9, 2010 (Tr. 28-55) and an "unfavorable" decision was rendered on October 13, 2010. (Tr. 10-22.) At the time of the decision by the ALJ to deny him benefits, Plaintiff was forty five years of age. The Appeals Council denied his request to review the unfavorable decision on August 2, 2012. (Tr. 1-6.)

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 15.) The ALJ found that Plaintiff had the severe impairments of morbid obesity, spinal stenosis, dysthymic disorder, lumbar disc herniations, osteoarthritis, asthma, alcohol dependence, and cannabis dependence. (Tr. 16.) The ALJ then determined that Plaintiff's severe impairments did not meet or medically equal, either individually or in combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.)

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work except that he must avoid concentrated exposure to dust, fumes, odors, gases, and poor ventilation, is precluded from climbing ladders, ropes, and

scaffolds, and is limited to unskilled work. (Tr. 17.) The ALJ then determined that Plaintiff is unable to perform any past relevant work. (Tr. 20.) The ALJ noted that Plaintiff was 40 at the time of his original alleged onset date, which is considered to be a younger individual. (Tr. 20.) The ALJ then found that Plaintiff had a limited education and could communicate in English. (Tr. 20.) Considering his age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (Tr. 21.)

## DISCUSSION

Plaintiff asserts two errors in this appeal. First, he claims that the ALJ failed to properly establish his residual functional capacity (RFC) to perform work. Second, he claims that the ALJ failed to provide good reasons to support the credibility findings made by the ALJ regarding the symptoms and limitations about which Plaintiff testified. Because the Court finds merit in his first contention and therefore recommends remand to the Commissioner, the second assertion is not addressed.

The ALJ found that Plaintiff suffers from severe impairments of morbid obesity, spinal stenosis, dysthymic disorder, lumbar disc herniations, osteoarthritis, asthma and alcohol and cannabis dependence. 20 C.F.R. 404.1520 and 416.920. Next, the ALJ determined that no impairment nor combination of impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then formulated the Plaintiff's RFC with reference to all of the severe impairments, except obesity. Obesity goes virtually unmentioned except for a mere passing reference to obesity in his discussion of the January 16, 2009 opinion by Dr. Bridget Walsh, (Tr.

5

18) and a similarly brief reference to obesity in noting that Plaintiff was treated by MedLink of Hartwell.  (Tr. 18).  Otherwise, the severe impairment of morbid obesity is not considered by the ALJ at all and that is error.

Plaintiff relies, correctly, on this Court's opinion in *Taylor v. Astrue,* No. 5:09-cv-146 (HL), 2010 U.S. Dist. LEXIS, at 14-15 (MDGA June 1, 2010).  In *Taylor*, Senior Judge Hugh Lawson found that the ALJ erred in failing to specify what functional limitations the plaintiff had as a result of the Level III obesity found by the ALJ to be a severe impairment.  The case here is the same.  The ALJ found morbid obesity as a severe impairment but did not discuss what limitations on Plaintiff's ability to work resulted from the obesity impairment.  Remand is required and the ALJ is directed to determine  what specific functional limitations the severe impairment of obesity imposes on the Plaintiff.  The ALJ should also determine whether Plaintiff performed substantial gainful activity in 2008, a finding which the ALJ chose to "defer" (Tr. 15) at the time of his decision because he found Plaintiff not disabled at Step Five of the sequential evaluation.

## CONCLUSION

IT IS THEREFORE RECOMMENDED that the case be remanded to the Commissioner of Social Security for further administrative action consistent with this report and Recommendation.  Under 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, 25th day of September, 2013.

S/ STEPHEN HYLES  
UNTED STATES MAGISTRATE JUDGE